**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (SBN 295032)
166 Geary Str STE 1500-1507
San Francisco, CA 94108
Telephone: 415-839-7077
Facsimile: (888) 410-0415
E-Mail: yeremey@skclassactions.com

**SMITH KRIVOSHEY, PC**
Joel D. Smith (SBN 244902)
867 Boylston Street 5th Floor #1520
Boston, MA 02116
Telephone: 617-377-4704
Facsimile: (888) 410-0415
E-Mail: joel@skclassactions.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY KEETON, on Behalf of Herself and all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>POWERSCHOOL GROUP LLC,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff Brittany Keeton ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief, except that Plaintiff's allegations as to her own actions are based on personal knowledge.

**NATURE OF THE ACTION**

1. Beginning in late 2023 or early 2024, PowerSchool Group LLC ("PowerSchool" or "Defendant") made about 100 calls to Plaintiff's cellular telephone using an artificial or prerecorded voice without her prior express consent. This barrage of calls occurred almost daily, and to make matters worse, occurred even after Plaintiff instructed Defendant to stop calling her, and after Defendant's attorneys acknowledged receipt of the request for the calls to stop. The conduct here is particularly reckless and glaring coming from a publicly traded company valued in the billions of dollars.

2. Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendant in negligently, knowingly, and willfully contacting Plaintiff and class members on their cellular telephones using an artificial or prerecorded voice without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

**PARTIES**

3. Plaintiff Brittany Keeton is, and at all times mentioned herein was, a resident of citizen of the State of Kentucky, residing in West Liberty.

4. Defendant PowerSchool Group LLC is a Delaware corporation with its principal place of business located in 150 Parkshore Dr., Folsom, CA 95630.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different citizenship from Defendant; and (c) the claims of the proposed

1    class members exceed the sum or value of five million dollars ($5,000,000) in aggregate.  *See* 28
2    U.S.C. § 1332(d)(2) and (6).

3    6. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331
because this action involves violations of a federal statute, the TCPA.  This Court has supplemental
jurisdiction for the state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant transacts significant business within this District and a substantial part of the events giving rise to Plaintiff's claims took place within this District.  Defendant is headquartered in this District, and all directs its outbound calling campaigns from its headquarters in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.   The Telephone Consumer Protection Act Of 1991**

8. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. Among other things, the TCPA prohibits "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . . ."

10. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

11. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

CLASS ACTION COMPLAINT                                                                                                              2

**B.     Defendant's Business**

12.    Defendant bills itself as the biggest software purveyor for K-12 schools in the country. According to Defendant's website, 90% of all school districts by student enrollment in the nation use Defendant's services.[1]

13.    Prior to the calls at issue in this action, Plaintiff never had any contact with Defendant. Plaintiff has never consented in writing, or otherwise, to receive prerecorded or artificial telephone calls from Defendant. Plaintiff has never provided Defendant with her telephone number. Defendant provides schools with everything from academic, student service, counselor, testing, human resources, and professional development assistance.

14.    One of Defendant's products offered to its clients (school districts) is called SmartFind Express.[2] Defendant's website advertises it with the following headline: "Automate callouts and streamline online substitute management to quickly fill teacher and staff absences." SmartFind Express promises to "Fill absences faster with an automated callout system and a convenient mobile app that connects your substitutes with available jobs."[3]

15.    But Defendant's automated callout system, as alleged herein, has run completely amuck. As alleged herein, Defendant's SmartFind Express automated system called Plaintiff and other class members incessantly without their prior express consent using a prerecorded message and artificial voice.

**C.     Defendant's Prerecorded Calls to Plaintiff**

16.    Defendant called Plaintiff on her personal, residential cellular telephone 606-XXX-5654 through its SmartFind Express automated system using prerecorded messages and a prerecorded or artificial voice incessantly between at least January 2024 and April 2024. Plaintiff estimates that Defendant called her in this manner roughly 100 times during this period. On some days, Defendant would make as many as five such calls per day. Exemplars of a screenshot of some of these phone calls are attached as Exhibit 1 to this Complaint.

---

[1] https://www.powerschool.com/
[2] https://www.powerschool.com/talent/smartfind-express/
[3] *Id.*

CLASS ACTION COMPLAINT                                                                                                   3

17. To make matters worse, the SmartFind Express system did not give Plaintiff an opportunity to opt out of receiving more calls. Every time she picked up the phone, there would be a beep and then an artificial, prerecorded voice would instruct Plaintiff to enter an access code. The voice would not identify who was calling. Each and ever single phone call Plaintiff picked up (and she picked many up) used a prerecorded, artificial voice.

18. On a few of the calls, in an attempt to reach a live person so that she could tell them to stop calling her, Plaintiff pressed "0," and at times other various numbers, into her dial pad. However, she was never able to connect to a live person. Instead, the system would cut her off and drop the call after a few attempts.

19. For all calls that Plaintiff did not answer, they would go to her voicemail and leave a prerecorded message using the same artificial voice. The contents of the voicemails were substantially identical to the content of the prerecorded calls and artificial voice used on the calls that she picked up.

20. At one point during the onslaught of calls, Plaintiff even contacted Verizon, her phone service provider, so that they could stop these calls on their end. However, Verizon was not able to stop the calls.

21. Defendant used a Called-ID spoofing function to make it appear that the calls were local. Plaintiff's Caller-ID showed the phone number as 606-332-2052, matching her personal cellphone's area code. When that number is dialed by counsel, the following pre-recorded message plays: "Welcome to E School Solutions, Please enter your access ID, followed by the star key." The 606-332-2052 phone number is documented as a phone number used by Defendant's SmartFind Express system to make outbound calls.[4] Further, eschoolsolutions.com is operated by Defendant.[5] eSchool Solutions, LLC is also listed as a subsidiary of Powerschool Holdings, Inc., the parent of PowerSchool Group, LLC.

22. On March 28, 2024, counsel for Plaintiff (then represented by pre-litigation counsel) sent a notice letter (by mail and email) setting out the violations of the TCPA as set out herein. *See*

---

[4] https://bath.sfe.powerschool.com/logOnAnn.jsp
[5] *See* https://learninglamp.eschoolsolutions.com/logOnInitAction.do

CLASS ACTION COMPLAINT                                                                 4

1  Exhibits 2, 3.  The letter provided Defendant with notice of Plaintiff's name, her phone number,
2  and the phone number from which Defendant was making the calls at issue.  That same day, on
3  March 28, 2024, Defendant's Chief Legal Officer responded that he was "in receipt" of the letter.
4  Exhibit 3.  On April 2, 2024, Defendant's Compliance Manager responded that Defendant had
5  received notice of Plaintiff's claim, and asked to receive information about the specific dates of the
6  calls, the contents of the message being communicated, and a sample of voice messages that
7  Plaintiff received.  Exhibit 4.  Plaintiff's pre-litigation counsel provided everything that was
8  requested.  *Id*.

9          23.     On April 5, 2024, Defendant's Compliance Manager stated, "Thank you for your
10  assistance with providing the call log information and voice message received by your client,
11  Brittany Keeton.  We have been able to determine the cause of the ongoing calls.  Ms. Keeton's
12  phone number had been entered in error by an end user of one of our systems, Smart Find Express.
13  Smart Find Express uses an automated callout system notifying substitute teachers of available
14  jobs.  I can confirm that we have removed Ms. Keeton's phone number from the user created
15  profile and she should no longer receive[] these calls."  Exhibit 5.

16          24.     The April 5, 2024 email makes several issues clear, making this case ripe for
17  summary judgment in favor of Plaintiff.  Defendant is not disputing that it was the entity that made
18  the calls at issue in this case to Plaintiff's cellular telephone.  It is not disputing that it used the
19  Smart Find Express automated system to make these calls.  It is not contesting that the calls were
20  made using a prerecorded or artificial voice.  And, it is not contesting that it did not have Plaintiff's
21  consent to make these calls.

22          25.     After confirming receipt of Plaintiff's notice on March 28, 2024, Defendant
23  *continued* making incessant calls to Plaintiff's cellular telephone using a prerecorded message and
24  artificial or prerecorded voice through April 4, 2024.  Defendant's calls to Plaintiff's cellular
25  telephone did not stop until April 5, 2024, more than a week after Defendant receive notice that it
26  was violating the TCPA by calling Plaintiff's cellular telephone.

CLASS ACTION COMPLAINT     5

26. The calls to Plaintiff were an extreme nuisance and invasion of privacy. Plaintiff is a stay-at-home mother to five children and home schools her children. These calls interfered with her use of her phone and time for legitimate purposes.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated.

28. Plaintiff proposes the following "Prerecorded Call Class" definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) from Defendant's SmartFind Express system; (d) for whom Defendant had no record of the owner or subscriber of the telephone number providing the telephone number to Defendant or its agents for the purpose of making calls using an artificial or prerecorded voice; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

29. Plaintiff represents, and is a member of, these proposed class. Excluded from the proposed class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

30. Plaintiff does not know the exact number of members in the proposed class, but reasonably believes based on the scale of Defendant's business that the class is so numerous that individual joinder would be impracticable.

31. Plaintiff and all members of the proposed class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

32. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The proposed class can be identified easily through records maintained by Defendant.

CLASS ACTION COMPLAINT                                                                                          6

33. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed class. Those common question of law and fact include, but are not limited to, the following:

    a. Whether Defendant made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;

    b. Whether Defendant's conduct was knowing and/or willful;

    c. Whether Defendant is liable for damages, and the amount of such damages, and

    d. Whether Defendant should be enjoined from engaging in such conduct in the future.

34. As a person who received numerous and repeated calls on her telephone through the use of artificial or prerecorded voice, without Plaintiff's prior express written consent, Plaintiff asserts claims that are typical of each member of the class. Plaintiff will fairly and adequately represent and protect the interests of the proposed class, and has no interests which are antagonistic to any member of the proposed class.

35. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

36. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendant to comply with the TCPA. The interest of the members of the proposed class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the class, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

37. Defendant has acted on grounds generally applicable to the proposed class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed classes as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the

TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

38. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

39. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

40. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

41. Plaintiff and members of the proposed class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

42. Plaintiff and members of the proposed class are also entitled to an award of attorneys' fees and costs.

### SECOND COUNT
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

43. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

44. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

45. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the class are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

46. Plaintiff and members of the proposed class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

47. Plaintiff and members of the proposed class are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed class the following relief against Defendant:

    a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

    b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

    c. As a result of Defendant's violations of the TCPA, Plaintiff seeks for herself and each member of the proposed class $500.00 in statutory damages for each and every call that violated the TCPA;

    d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed class;

    e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a proper representative of the class, and appointing the lawyers and law firm representing Plaintiff as counsel for the class;

    f. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

CLASS ACTION COMPLAINT     9

| | |
|---|---|
| Dated: April 22, 2024 | Respectfully Submitted, |
| | **SMITH KRIVOSHEY, PC** |
| | By: */s/ Yeremey Krivoshey* |
| |       Yeremey Krivoshey |

Yeremey O. Krivoshey (SBN 295032)
166 Geary Str STE 1500-1507
San Francisco, CA 94108
Telephone: 415-839-7077
Facsimile: (888) 410-0415
E-Mail: yeremey@skclassactions.com

**SMITH KRIVOSHEY, PC**
Joel D. Smith (SBN 244902)
867 Boylston Street 5th Floor #1520
Boston, MA 02116
Telephone: 617-377-4704
Facsimile: (888) 410-0415
E-Mail: joel@skclassactions.com

*Attorneys for Plaintiff*